Mario Pittoni, J.
The respondents move, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the petition as insufficient on its face, and pursuant to rules 102, 103 and 90, not only to dismiss but also to strike certain paragraphs of the petition as conclusory, vague, indefinite and uncertain.
Paragraphs 11 and 12 are sufficient. Paragraph 11 states in part “ that 162 signatories thereof were not, in fact, registered voters in the City of Long Beach in the year 1960 ”. Paragraph 12 states in part that ‘ ‘ included in the petition herein the names of 314 persons who have previously subscribed their names to the petition heretofore filed with the Office of the Board of Elections on or about August 8, 1961 nominating the respondents herein * * * for the same public offices as set forth in the petition herein ”. In both paragraphs the quoted parts are preceded by a statement of law and are followed by some evidentiary material. These superfluous allegations, instead of impeding an understanding of those paragraphs, assist the respondents and the court.
Paragraphs 13 and 17 of the petition are pure statements of law, and should be and are stricken.
Paragraphs 14 and 15 have some inartistic statements which tend to allege that the petitions were not signed on the dates affixed thereto. They seem to be too vague and indefinite to be held good, and yet not vague or indefinite enough to be dismissed without doing an injustice to the petitioners. They could have been pleaded in a more specific fashion.
*240 Paragraph 16 merely says vaguely that there are alterations with respect to the dates of signatures, and such an allegation clearly is not enough to be good pleading, whether under the Election Law or the Civil Practice Act.
Paragraph 18 of the petition states in part “ that * * * each of the subscribing witnesses to the Petition herein were and are regular members of the Democratic Party, most of said subscribers are duly elected County Committeemen of the Democratic Party, and each of the said subscribing witnesses obtained the signatures to the purported Petition at the behest and at the request of the Regular Democratic Party Organization. That the aforesaid Petition is not an independent nominating petition within the meaning of the statute and should be stricken as illegal and void ”. A reading of the Election Law, and in particular section 138, fails to support the allegations of this paragraph. Subdivision 3 of section 138 of the Election Law states in part as follows: “ The petition shall be * * * authenticated by witnesses * # # except that the witness need not be enrolled as a member of any party ’ ’. It would be stretching words far beyond their ordinary meanings to read into the language of the statute the meaning contended for by the petitioners. The only thing that the statute says is that the witness need not be enrolled as a member of any party. It does not say that the witness is disqualified if he should be a member of a party, a worker thereof, etc.; and in Matter of Warner v. Power (282 App. Div. 867) the court stated as follows: “ The learned Special Referee bases his decision upon a finding that ‘ the use of the so-called Independent Party was a mere vehicle to place the Liberal Party’s candidates on a second line on the ballots ’. There is no support in any provision of the Election Law for a holding that the petition under attack is void because of its sponsorship or the manner in which it was procured.”
The motion to strike paragraphs is granted as to paragraphs 13, 16, 17 and 18.
The motion to strike as to paragraphs 14 and 15 is reserved until the hearing of this application.
All other paragraphs of the petition are legally sufficient.
It follows that the petition, as it now stands, states enough facts to be sufficient on its face. The motion to dismiss, pursuant to subdivision 4 of rule 106 is denied. In all other respects the motion is denied.